## Palmer *versus* March *et al.*

1. Judgment for want of an affidavit of defence may be taken in the District Court of Philadelphia, on a foreign judgment, under the provisions of the Act of March 28th 1835.
2. Moore *v.* Fields, 6 Wright 467, recognised.

February 14th 1870.   Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.   THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 103, to July Term 1869.

This was an action of debt, by Seymour N. Marsh and Joshua Read against B. Frank Palmer and others.   The writ issued April 30th 1869, and was served on Palmer only.   The cause of action was a judgment recovered against the defendants in the Superior Court of the city of New York, of which an exemplification was filed in this case.

The exemplification showed that in the New York court the claim of the plaintiffs was for commissions payable to them by the defendants, who were engaged in the manufacture of artificial limbs, under an agreement "for a commission on each customer sent by these plaintiffs to these defendants, in pursuance of which agreement these plaintiffs sent to the defendants a large number of patients, whose orders were received and filed by the defendants to a large amount, and to the great pecuniary gain and benefit of these defendants, on account of which these plaintiffs have received no compensation whatever."   And that "at the request and for the benefit of these defendants, the plaintiffs inserted, published and circulated the defendants' advertisements in the advertising books, periodicals, advertisements, bills and circulars of the plaintiffs, in compliance with the *request* and dictation of these defendants, and to their great pecuniary advantage and gain, and at a great cost and expense to these plaintiffs."

The Superior Court entered judgment against the defendants for $2010.78, for the recovery of which this suit was brought.

The defendants filed an affidavit of defence, containing a number of specifications not necessary to state.   The plaintiffs entered a rule for judgment for want of a sufficient affidavit of defence.

The District Court, on the 19th of July 1869, made the rule absolute, and entered judgment against the defendants for $2097.95.

The defendants took a writ of error, and, amongst other specifications, assigned for error, that the court erred in permitting judgment to be entered for want of a sufficient affidavit of defence, when the copy filed was an exemplification of the record of the court of another state, which record did not show such a claim as would entitle plaintiffs to judgment under Act of March 28th 1835, for want of an affidavit of defence.

[Palmer *v.* March.]

*J. T. Pratt*, for plaintiff in error, referred to Act of March 28th 1835, § 2, Pamph. L. 89, Purd. 337, pl. 8; Lynch *v.* Rogers, 1 Troub. & H. 385; Reed *v.* Keech, Id. 384; McCleary *v.* Faber, 6 Barr 476; Walker *v.* Delaware Ins. Co., 1 Philada. R. 192; Wall *v.* Dovey, 10 P. F. Smith 212.

*H. Hanson* and *D. Dougherty*, for defendants in error, cited McCleary *v.* Faber, *supra;* Moore *v.* Fields, 6 Wright 467; Luckenbach *v.* Anderson, 11 Id. 123.

The opinion of the court was delivered, July 7th 1870, by

AGNEW, J.—If this were an original question, perhaps it would not be difficult to show that a foreign judgment does not fall within the District Court law as to affidavits of defence. But the case of Moore *v.* Fields, 6 Wright 467, is directly in point, and without overruling it we must sustain this judgment. Large interests may rest upon that case as a precedent, which would be overturned by our refusing to follow it.

Judgment affirmed.